**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Civil Action No.: 3:15-cv-00150-FDW-DSC**

| | | |
|---|---|---|
| **McEWEN INDUSTRIES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JOINT PROTECTIVE ORDER** |
| | ) | |
| **FOUR WINDS HOLDING COMPANY, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

WHEREAS, counsel for the parties represent that certain information, documents and things that have already been produced or will be produced in this action may contain trade secrets or confidential commercial or business information or private information, and have requested the entry of an appropriate Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, counsel for the parties have agreed to the form and content of this Order;

WHEREAS, this Order applies to all information that will be produced in this case and all information that has already been produced;

WHEREAS, this Order applies to all information voluntarily produced by the parties and non-parties during the present litigation;

THEREFORE, IT IS HEREBY STIPULATED AND ORDERED that, during the pendency of this action or until this Order is amended or superseded, the parties will follow the procedures set forth below with respect to the designation, disclosure, and use of confidential information by parties and non-parties in course of this action.

1.      The scope of this Order shall be as follows:

a.      The term "Discovery Material" encompasses, but is not limited to: any type of document or testimony, any tapes, recorded, filmed, electronic, written, or typed matter, including the originals, and all marked copies; all deposition testimony; all interrogatories, document requests, requests for admission, and subpoenas duces tecum, (including all responses); and any physical objects, things, or other information gained by inspection of any tangible things.

b.      This Order shall govern any and all (i) Discovery Material and other materials produced or given in pretrial proceedings in this action by any party to this action, whether produced or given before or after entry of this Protective Order, including but not limited to Discovery Material produced in response to any discovery conducted by the parties; (ii) any documents, testimony, and other materials produced or given by a non-party in this action pursuant to subpoena or otherwise; and (iii) all copies, excerpts, and summaries thereof (collectively, "Material").

c.      A non-party may invoke the protection of this Order for any Material provided by it in connection with this action, including but not limited to documents, deposition testimony, and exhibits provided in response to subpoenas served on a non-party.  All confidential information of a non-party as contained in such documents and depositions shall be protected under this Order in the same manner as the confidential information of the parties to this Order as long as the non-party agrees to be bound by and comply with the terms of this Order and signs a copy of the Confidentiality Agreement attached as Appendix A.

2.      The parties and any non-party who provide Material ("Producing Party") in this action may designate as "Confidential" any Material the designating party or non-party from whom discovery is sought believes in good faith constitutes confidential information entitled to protection pursuant to this Order and under the Federal Rules of Civil Procedure 26(c) ("Confidential Material").  Except as otherwise provided in this Order, no designation shall be effective unless such Material is marked "Confidential."  The inadvertent failure to so mark any Material, however, shall not be deemed a waiver of such claim of confidentiality.  However, disclosure by any party of such Material prior to notice of its confidential nature shall not be deemed a violation of this Order.

3.      Until or unless the Court rules otherwise, Material marked or otherwise designated as Confidential Material shall be maintained in confidence by the party to whom such material is produced (the "Receiving Party") to be used solely in connection with this litigation and shall not be disclosed to any person except:

a.      The parties who have agreed to this Consent Protective Order;

b.      Counsel for the parties in this action, their clerical litigation support, and paralegal employees who agree to be bound by and comply with the terms of this Order;

c.      A single representative of each Party designated by such Party to assist counsel of record to assist in the preparation of the Party's case for discovery, hearing or trial, which representative shall be fully bound by the confidentiality terms of this order, including, but not limited to, the prohibition that any such review shall not be used in any manner outside this litigation;

d.      Any person scheduled to testify at a deposition where the deposition may include questions regarding Confidential Material and who has agreed to be bound by and

comply with this Order and who has signed the Confidentiality Agreement attached as Appendix A;

      e.      Consultants and experts who have been specifically engaged by counsel or a party to assist in this action, who agree to be bound by and comply with the terms of this Order and who have signed the Confidentiality Agreement attached as Appendix A;

      f.      The Court and its officers, court stenographers, and outside copy services whose function requires them to have access to Confidential Material under this Order; and

      g.      Personnel of third-party vendors engaged by a party or by counsel for a party to assist in (i) the coding, imaging, or other management of Material in this action; (ii) the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial; and (iii) jury research and analysis, provided that such personnel of third-party vendors agree to be bound by and comply with the terms of the Order and sign the Confidentiality Agreement attached as Appendix A.

4.      If a party believes in good faith that Material being produced contains highly-sensitive confidential information that must be protected from disclosure to another party in this action, such party may make an additional designation of Confidential Material as "Attorneys' Eyes Only" ("Attorneys' Eyes Only Material"). Attorneys' Eyes Only Material shall be designated by marking or stamping on such material an "Attorneys' Eyes Only." Attorneys' Eyes Only Material shall be subject to the same protections and restrictions set forth in this Protective Order for Confidential Material, with the additional protection and restriction that such Attorneys' Eyes Only Material shall not be disclosed to a non-designating party. Only the persons identified to the non-designating party, and who comply with the requirements of, subparagraphs (b), (e), (f), and (g) of Paragraph 3 of this Order may have access to Attorneys' Eyes Only Material.

5.       Without limiting the foregoing, any witness, other than a competitor of a party whose Confidential Material is sought to be disclosed, who has a bona fide need to review Confidential Material or Attorneys' Eyes Only Material in connection with providing testimony or preparing to provide testimony, who has agreed to be bound by and comply with this Order and who has signed the Confidentiality Agreement attached as Appendix A, may be shown any document containing Confidential Material or Attorneys' Eyes Only Material if it appears from the face of the document that the witness authored or previously received a copy of it, or if specific documentary or testimonial evidence of that witness or others indicate that the document was communicated to or from the witness, or if the designating party so agrees.

6.       If a Receiving Party desires for a person who does not fall within the categories contained in Paragraphs 3 and 4 of this Order to review Confidential Material or Attorneys' Eyes Only Material produced by another party, then counsel for the Receiving Party shall so notify counsel for the Producing Party in writing and confer with counsel for the Producing Party in a good faith effort to resolve the question of whether the Confidential Material or Attorneys' Eyes Only Material may be disclosed for the purpose or purposes sought by the Receiving Party.  If, after a good faith meeting, the parties are not able to resolve whether the Confidential Material may be disclosed, then the Receiving Party must obtain permission from the Court before disclosing the Producing Party's Confidential Material or Attorneys' Eyes Only Material and shall state with reasonable particularity the identity of the persons to whom such Confidential Matter or Attorneys' Eyes Only Material is to be disclosed along with a description of the Confidential Matter or Attorneys' Eyes Only Material that is to be included in such disclosure.  The Producing Party shall have ten (10) days following service of such an application – unless the time for

response is otherwise shortened or lengthened by the Court – to file any objections, in which case no disclosure shall be made until the issue has been resolved by the Court or the parties.

7.     Each recipient of Confidential Material or Attorneys' Eyes Only Material who is required to sign the Confidentiality Agreement attached as Appendix A under Paragraphs 3, 4, or 5 of this Order must sign the Confidentiality Agreement prior to the disclosure of the Confidential Material.  The signed Confidentiality Agreement shall be maintained by counsel for the Receiving Party.  If a Receiving Party is unable, despite best efforts, to obtain signature on a Confidentiality Agreement as required under Paragraphs 3, 4, or 5 of this Agreement, then the Receiving Party shall notify the Producing Party and seek to resolve the matter informally in good faith.  If the matter cannot be resolved informally, then the Receiving Party may, after reasonable notice to the Producing Party, apply to the Court for relief from the signature requirements of Paragraphs 3, 4, or 5 of this Order.

8.     With respect to deposition testimony that constitutes or refers to Confidential Material or Attorneys' Eyes Only Material, any party and, if such deposition is of a third-party (non-party to the action), that third-party, shall have thirty (30) days after receipt of a copy of the transcript – or twenty (20) days following the close of discovery, whichever is earlier – to designate portions of the testimony as "Confidential" or "Attorneys' Eyes Only."  Until this period has expired, the entire deposition transcript shall be treated as constituting Confidential Material.  The portion of the transcript of the deposition that contains such Confidential Material or Attorneys' Eyes Only Material shall bear the notation "Confidential Information – Subject to a Protective Order" or "Attorneys' Eyes Only" or shall be otherwise appropriately marked, and shall be bound separately.

9.       With respect to Confidential Material or Attorneys' Eyes Only Material produced by the parties or non-parties prior to the entry of this Order, each Producing Party shall, within thirty (30) days of the entry of this Order, designate the Material as "Confidential" or "Attorneys' Eyes Only."  During the thirty (30) day period, all Material produced or given to any party in this action prior to the entry of this Order shall be treated as Confidential Material.

10.       Confidential Material or Attorneys' Eyes Only Material may be designated subsequent to production or testimony when the Producing Party failed to make such designation at the time of production or during testimony through inadvertence or error and the designation is corrected within ten (10) days after discovery of the inadvertence or error.  If the Confidential Material or Attorneys' Eyes Only Material is designated subsequent to production or testimony, the Receiving Party promptly shall collect any copies that have been provided to individuals other than those authorized under Paragraphs 3, 4 or 5 of this Order.  Any inadvertent production of documents without the designation as "Confidential" or "Attorneys' Eyes Only" shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other related information that the party has designated Confidential Material or Attorneys' Eyes Only under this Order.

11.       Any party that mistakenly produces materials that the Producing Party claims are protected by the attorney/client privilege, work product doctrine, or other privilege, doctrine, or right recognized under North Carolina or other applicable law may obtain the return of those materials by promptly notifying the recipient(s) of the produced documents.  The recipient shall then promptly gather and return to the Producing Party or destroy all copies of the privileged materials and cease all use of the privileged materials until the claim is resolved.  The Producing Party must list and describe the privileged materials on a privilege log in a manner that will permit

the other parties to assess the claim of privilege. The Producing Party must preserve the claimed privileged materials until the claim is resolved. Any inadvertent production of such privileged materials shall not be deemed a waiver in whole or in part of a party's claim of privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter that the Producing Party has designated as privileged.

12. Any party may object to the designation of any Material or testimony as Confidential Material or Attorneys' Eyes Only Material by giving written notice to the producing Party that it objects to the designation. After providing written notice of its objection, the objecting party and the Producing Party shall then confer good faith in an attempt to resolve the dispute. If, after the parties have conferred and the dispute cannot be resolved, the Producing Party wishes to continue to assert its claim of confidentiality, the Producing Party is obligated to file a motion requesting the Court to confirm the confidential status of the Material within twenty (20) days of providing such written notice. Until the Court rules on the motion, the documents shall be treated as Confidential Material or Attorneys' Eyes Only Material, as originally designated. No party shall be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not constitute an admission by the Receiving Party that the information is Confidential Material or Attorneys' Eyes Only Material or preclude a subsequent challenge to such designation.

13. All Confidential Material or Attorneys' Eyes Only Material exchanged between the parties in this action, whether designated under the provisions of this Order or not, shall be used by a Receiving Party solely for the prosecution or defense of the claims in this action.

14. No Confidential Material or Attorneys' Eyes Only Material shall be filed in the public record of this action unless otherwise required by the Court. Any document or thing

containing or referring to Confidential Material or Attorneys' Eyes Only Material that is to be filed in this proceeding shall be filed under seal, subject to Court approval. All materials filed with the Court under seal shall bear the notation "UNDER SEAL" immediately beneath the Civil Action Number in the case heading on the face of such materials.

15.     Nothing contained in this Order shall:

a.     Except for information obtained by either party described in Paragraph 2, limit a Receiving Party's use of documents and information obtained other than through discovery in this action (provided such documents and information were lawfully obtained).

b.     Limit the right of the Producing Party to disclose Confidential Material or Attorneys' Eyes Only Material produced by the Producing Party, such disclosure not being subject to the protective procedures set forth in this Order and which shall not result in a waiver of the claimed confidentiality (except to the extent the disclosure makes the Confidential Matter a matter of public record).

c.     Limit, expand or restrict any right of any party to resist or compel discovery with respect to materials that the party may claim to be privileged or otherwise not discoverable in this action, or the right of any party to seek additional protection pursuant to Rule 26 of the Federal Rules of Civil Procedure.

16.     At the final conclusion of this action, including, without limitation, any appeal or retrial, all counsel and every person to whom Confidential Material or Attorneys' Eyes Only Material has been disclosed shall, within thirty (30) days of such final conclusion, return to counsel for the Producing Party all materials designated "Confidential" or "Attorneys' Eyes Only," including any copies, extracts or summaries, except that Confidential Material or Attorneys' Eyes

Only Material disclosed by third parties (non-party to this case) shall be destroyed by shredding. As to those materials that contain or reflect Confidential Material or Attorneys' Eyes Only Material but that constitute counsel's work product, counsel shall destroy such work product and all copies. The parties may, however, agree on a different procedure for disposing of Confidential Material or Attorneys' Eyes Only Material.

17.     The designation of any information, documents or things pursuant to this Order shall not, in and of itself, raise any inference as to the legal status of any information, documents or things marked for identification purposes or introduced in evidence at the trial of this action. Nothing in this Order, however, shall preclude the Producing Party from seeking "Confidential" treatment from the Court with respect to such information, documents or things or from raising any available objection.

18.     After the termination of this action, this Order shall continue to be binding upon the parties and all persons to whom Confidential Material or Attorneys' Eyes Only Material has been disclosed or communicated.

19.     All time periods contained in this Order shall be computed pursuant to Rule 6 of the Federal Rules of Civil Procedure.

20.     By producing Material and agreeing that the terms of this Order govern the protections afforded to the produced information, documents or things by the execution of the Confidentiality Agreement attached as Appendix A, any third party making such production becomes subject to this Order and consents to the jurisdiction of this Court as the sole forum and venue for resolution of all disputes regarding the production of information, documents, or things pursuant to this Protective Order.

21.     All parties receiving Confidential Material or Attorneys' Eyes Only Material under this Order may be subject to sanctions for violating this Order.

22.     This Order may be modified in the event that the parties agree to a modification of the provisions hereof or such modification is ordered by this Court.


**SO ORDERED**.

Signed: September 2, 2015

David S. Cayer
United States Magistrate Judge

## STIPULATION

I hereby agree and consent to the Consent Protective Order to which this Stipulation is attached.

Date:  September 1, 2015

**Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.**

By:     /s/ Lawrence S. Eastwood
        Lawrence S. Eastwood
        Baker Donelson Center
        211 Commerce Street, Suite 800
        Nashville, TN 37201
        leastwood@bakerdonelson.com
        *Counsel for Defendants*

**MOORE & VAN ALLEN, PLLC**

By:     /s/ Paul J. Peralta
        Paul J. Peralta, NCSB #34622
        100 N. Tryon Street, Suite 4700
        Charlotte, NC 28202-1024
        Telephone: (704) 331-1024
        Facsimile:  (704) 339-5869
        paulperalta@mvalaw.com
        *Counsel for Plaintiff*

**EXHIBIT A – CONFIDENTIALITY AGREEMENT**

By my signature below, I hereby agree to comply with and abide by the terms of the Consent Protective Order to which this Confidentiality Agreement is attached.

| Print Name | Signature | Date |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |